NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. | |
| Plaintiff, | |
| v. | Civil No. 19-07970 (RBK/KMW) |
| | **OPINION** |
| FORUPK LLC, MICHAEL SOLL, | |
| Defendants | |

**KUGLER**, United States District Judge:

Currently before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment as to Defendant Michael Soll (Doc. No. 15) For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter concerns alleged violations of the Cable Piracy Act, 47 U.S.C. § 553, and of the Satellite Piracy Act, 47 U.S.C. § 605. Plaintiff Joe Hand Promotions, Inc. is a Pennsylvania corporation that held the exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 230: Cormier v. Lewis* ("the Program"), telecast on November 3, 2018. (Doc. No. 1 ("Compl.") at ¶ 1). Defendant FORUPK LLC, is a New Jersey business entity which operates an establishment known as "River Park Pub" in Gloucester City, New Jersey. (*Id.* at ¶ 2). Defendant Michael Soll is a New Jersey resident who Plaintiff alleges "personally authorized and assisted in the unauthorized receipt and exhibition of the Program" and "was an officer, director, shareholder, member and/or principal" of FORUPK, LLC. (*Id.* at ¶ 3).

1

Plaintiff states that it did not enter into a contract with Defendants that would allow them to broadcast the Program in the Establishment. (*Id.* at ¶ 10). Nevertheless, Defendants intercepted the transmission of the Program and exhibited it to the patrons of the River Park Pub. (*Id.* at ¶¶ 11–12). Defendants advertised their exhibition of the Program. (*Id.* at ¶ 13). Plaintiff asserts that, to the best of its knowledge, the Program cannot be innocently or accidentally intercepted. (Doc. No. 15-2 ("Pl. Motion for Default Judgement") at ¶ 9).

Plaintiff filed its complaint on March 6, 2019. (Doc. No. 1). FORUPK LLC filed an Answer on June 13, 2019. (Doc. No. 7). Soll was served on April 9, 2019, with summons returned executed on May 2, 2019. (Doc. No. 5). Soll has not filed any answer or responsive pleading, and the Clerk of Court entered Default against him on May 3, 2019. Plaintiff subsequently moved for default judgment as to Defendant Soll. (Doc. No. 15). Soll has not filed any response to this Motion for Default Judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a party that has failed to answer or otherwise defend an action. *Anchorage Assocs. v. Virgin Island Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt a plaintiff's legal conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17 2013).

The decision about whether default judgment is proper "is left primarily to the discretion of the district court." *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (internal quotation omitted). Nevertheless, there is a well-established preference in the Third Circuit to decide cases on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case.

### III.   DISCUSSION AND ANALYSIS

The Court must determine whether Plaintiff's Complaint states a proper cause of action against Defendant Soll. Plaintiff's Complaint brings claims under both 47 U.S.C. § 553 for unauthorized interception and transmission of cable communications and 47 U.S.C. § 605 for unauthorized interception and transmission of satellite communications. A plaintiff may only recover under one of the two statutes. *J & J Sports Prods., Inc. v. 4326 Kurz, Ltd.*, No. 07-3850, 2008 WL 4630508, at *3 (E.D. Pa. Oct. 17, 2008) (citing *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3d Cir. 2001)). A plaintiff may recover under § 605 if there is an interception of satellite transmissions, whereas a plaintiff may recover under § 553 if there is an interception of cable transmission. *Joe Hand Promotions, Inc. v. Howell*, No. 18-02318, 2019 WL 1791416, at *2 (E.D. Pa. April 24, 2019) (citing 47 U.S.C. §§ 553, 605).

Plaintiff brought this cause of action under both statutes but has "elected" to move for default judgment under 47 U.S.C. § 605 (*See* Doc. No. 15-1 at 5). While Plaintiff is seeking default judgment under § 605, "there is a presumption in favor of § 553 at the default judgment stage where the plaintiff produces no evidence of an interception of satellite, as opposed to cable, transmissions." *Howell*, 2019 WL 1791416, at *2; *Joe Hand Promotions, Inc. v. Yakubets,* No. 12-4583, 2013 WL 5224123, at *5 (E.D.Pa. Sept 17, 2013) (*Yakubets I*). In this case, Plaintiff

has not provided any evidence that a satellite transmission was intercepted. Plaintiff has stated several ways through which its programming can be pirated (Doc. No. 15-2, ¶ 9), but has not alleged nor provided any evidence as to how Defendants intercepted the program on the date in question. Therefore, if Plaintiff were to recover, it would have to be under §553.

To establish liability under § 553, a plaintiff must satisfy three elements: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." *J & J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citing 47 U.S.C. §§ 553(a), 605(a)). On this motion, Plaintiff seeks default judgment only against Defendant Soll. To establish vicarious liability for an individual under § 553, a plaintiff must additionally prove that the defendant:

> (1) has the right and ability to supervise the violative activity, although he need not actually be supervising, because he need not know of the violative activity, and (2) has a direct financial interest in the violation.

*Ramsey*, 757 F. App'x at 95 (citing *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 296 (E.D. Pa. 2014) (*Yakubets II*)).

Importantly, a plaintiff seeking default judgment cannot rest on mere conclusory allegations as to these elements. *See Joe Hand Promotions, Inc. v. Michelina Enters., Inc.*, No. 16-1880, 2017 WL 3581674, at *5 (M.D. Pa. Aug. 18, 2017) (denying default judgment where plaintiff "produced nothing more than conclusory allegations parroting the test for vicarious liability" (internal quotation omitted)); *J&J Sports Prods., Inc. v. Giraldo*, 2015 WL 7014649, at *3 (E.D. Pa. Nov. 12, 2015) (explaining that "the proponent of default judgment must offer facts to support the plausibility of those conclusory allegations" (citing *Yakubets II*, 3 F. Supp. 3d at 299–300)).

In this case, Plaintiff has done no more than make conclusory allegations that Soll authorized and assisted in the illegal exhibition of the Program, was "an officer, director, shareholder, member and/or principal" or FORUPK LLC, had a right to supervise the River Park Pub, and had a direct financial interest in the River Park Pub. (Compl. at ¶ 3). Plaintiff has not offered any evidence to support any of these conclusory allegations.[1] Without evidentiary support, Plaintiff's "boilerplate recitations" are insufficient to impose individual liability on Soll. *Michelina Enters.*, 2017 WL 3581674, at *5. Default judgment is inappropriate.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion is **DENIED**. An Order follows.

Dated: 04/14/2020

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[1] Soll did sign the verification for FORUPK LLC's Answer as FORUPK LLC's "Administrator." (Doc. No. 7 at 4). But while this document does indicate that Soll presently has some supervisory responsibilities relating to FORUPK LLC, it does not demonstrate that he had those responsibilities when the River Park Pub exhibited the Program. Further, it is doubtful that Soll's position as "Administrator" for FORUPK LLC is enough to establish vicarious liability on its own. *See Ramsey*, 757 F. App'x at 96 (noting that "ownership interest or right in an LLC as a managing member alone is insufficient to establish liability).