IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | : |
| Plaintiff, | : |
| v. | : Civil No. 19-7970 (RBK/MJS) |
| FORUPK LLC, *et al.*, | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Joe Hand Promotions' ("Joe Hand") reinstated Motion for Default Judgment ("Motion") (ECF No. 50). For the following reasons, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

   **A.    Factual Background**

This matter concerns alleged violations of the Cable Piracy Act, 47 U.S.C. § 553, and of the Satellite Piracy Act, 47 U.S.C. § 605. Joe Hand is a Pennsylvania corporation that held the exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 230: Cormier v. Lewis* (the "Program"), televised on November 3, 2018. (ECF No. 38, "Amended Complaint" at ¶ 1). Defendant FORUPK LLC, is a New Jersey business entity which operates "River Park Pub" in Gloucester City, New Jersey. (*Id.* at ¶ 2). Defendant Michael Soll is a New Jersey resident who Joe Hand alleges "was the day to day manager" of River Park Pub, "was solely responsible for booking entertainment for [River Park Pub] such as . . . pay per view sporting programs," and "personally authorized and assisted in the unauthorized receipt and

1

exhibition of the Program." (*Id.* at ¶ 4). Defendant Linda Soll is also a New Jersey resident who Joe Hand alleges "personally authorized and assisted in the unauthorized receipt and exhibition of the Program, . . . had a right and ability to supervise the activities" at River Park Pub, and is "an officer, director, shareholder, member and/or principal of the entity owning and operating" River Park Pub. (*Id.* at ¶ 5). Defendant WEMISSPK LLC (collectively, with FORUPK and Michael and Linda Soll, the "Defendants") is, according to Joe Hand, a "mere continuation of [FORUPK]." (*Id.* at ¶ 3).

Joe Hand alleges that it did not contract with Defendants to allow them to broadcast the Program at River Park Pub. (*Id.* at ¶ 12). Nonetheless, either by satellite or cable, Joe Hand claims Defendants intercepted the Program's transmission and showed it to River Park Pub patrons. (*Id.* at ¶¶ 13–14). Defendants also allegedly advertised that they planned to show the Program at River Park Pub. (*Id.* at ¶ 15). Joe Hand claims the Program cannot be innocently or accidentally accessed because it is scrambled and encoded. (Motion at 3–4, 10).

**B.     Procedural Background**

Joe Hand filed its complaint on March 6, 2019. (ECF No. 1). FORUPK answered on June 13, 2019. (ECF No. 7). Joe Hand served Michael Soll on April 9, 2019, with the summons returned executed on May 2, 2019. (ECF No. 5). Soll neither answered nor filed any other responsive pleading. The Clerk of Court entered Default against him on May 3, 2019. Joe Hand then moved for default judgment against Soll. (ECF No. 15). The Court denied that motion on April 14, 2020. (ECF No. 28).

On September 22, 2020, Joe Hand moved to file an amended complaint, (ECF No. 33), which the Court granted on November 19, 2020. (ECF No. 37). Joe Hand filed its Amended Complaint on November 23, 2020. (ECF No. 38). The Amended Complaint added Linda Soll

and WEMISSPK as Defendants and altered the alleged facts related to Michael Soll. (Amended Complaint at ¶¶ 3–5). Joe Hand served both Linda Soll and WEMISSPK on February 12, 2021, and returned the summons executed on February 17, 2021. (ECF No. 41). Linda Soll and WEMISSPK never answered nor filed any other responsive pleading. As such, the Clerk of Court entered Default against them on July 9, 2021.

Joe Hand again moved for a default judgment, this time against Michael Soll, Linda Soll, and WEMISSPK, on July 23, 2021. (Motion, ECF No. 50). At a March 8, 2022 conference before U.S. Magistrate Judge Matthew J. Skahill, Defendants alerted the Court that their counsel had passed away, and they intended to seek new representation. (ECF Nos. 57, 58). In response, the Court administratively terminated the Motion and gave Defendants until April 8, 2022 to obtain new counsel. (*Id.*). The Court allowed that Joe Hand could move to have the Motion reinstated if Defendants failed to timely obtain new counsel and respond. (ECF No. 58). On April 8, 2022, Judge Skahill gave Defendants an additional eleven days to find counsel and respond to Joe Hand's claims. (ECF No. 62). No attorney ever entered a Notice of Appearance for any Defendant, nor did Defendants answer the Amended Complaint or file any responsive pleading. Consequently, on June 3, 2022, Joe Hand moved to reinstate its Motion for Default Judgment. (ECF No. 65). The Court granted that motion and reinstated the Motion for Default Judgment on June 6, 2022. (ECF No. 67).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a party that has failed to answer or otherwise defend an action. *Anchorage Assocs. v. Virgin Island Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The Court should accept as true all well-pleaded factual allegation in the complaint by virtue of the defendant's default

except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt a plaintiff's legal conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

The decision about whether default judgment is proper "is left primarily to the discretion of the district court." *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (internal quotation omitted). Nevertheless, there is a well-established preference in the Third Circuit to decide cases on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). As such, the Court must determine whether Joe Hand's Amended Complaint states a proper cause of action against Defendants, and whether default judgment is proper in this case.

### III. DISCUSSION

#### A. Liability

The Court must determine whether Joe Hand's Amended Complaint states a proper cause of action against the Defendants. The Amended Complaint brings claims under both 47 U.S.C. § 553 for unauthorized interception and transmission of cable communications and 47 U.S.C. § 605 for unauthorized interception and transmission of satellite communications. A plaintiff may only recover under one of the two statutes. *J & J Sports Prods., Inc. v. 4326 Kurz, Ltd.*, No. 07-3850, 2008 WL 4630508, at *3 (E.D. Pa. Oct. 17, 2008) (citing *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3d Cir. 2001)). A plaintiff may recover under § 605 if there is an interception of satellite transmissions, whereas a plaintiff may recover under § 553 if there is an interception of cable transmission. *Joe Hand Promotions, Inc. v. Howell*, No. 18-02318, 2019 WL 1791416, at *2 (E.D. Pa. Apr. 24, 2019) (citing 47 U.S.C. §§ 553 and 605). Where a plaintiff

4

produces no evidence of the specific type of transmission intercepted, there is a presumption in favor of § 553 at default judgment. *Howell*, 2019 WL 1791416, at *2; *Joe Hand Promotions, Inc. v. Yakubets*, No. 12-4583, 2013 WL 5224123, at *5 (E.D. Pa. Sept. 17, 2013). Acknowledging this, Joe Hand argues for recovery under § 553. (Motion at 6).

To establish liability under § 553, Joe Hand must satisfy three elements: "(1) interception of a [cable] transmission or broadcast, (2) lack of authorization, and (3) publication." *J & J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citing 47 U.S.C. §§ 553(a), 605(a)). Because Defendants are in default, the Court takes all well-pleaded facts as true. Joe Hand pleaded that WEMISSPK is simply a "continuation" of FORUPK. (Amended Complaint at ¶ 3). Thus, the Court will treat WEMISSPK and FORUPK as one and the same entity.

Defendants admit by default that Joe Hand was granted the exclusive right to license and disseminate the Program to commercial establishments in the United States. (*Id.* at ¶ 10). They also admit they never contracted with Joe Hand to show the Program at River Park Pub, but then somehow intercepted the transmission and showed it at the pub. (*Id.* at ¶¶ 12–14). Thus, Joe Hand has shown that FORUPK and WEMISSPK violated § 553.

To establish vicarious liability for an individual under § 553, Joe Hand must additionally prove that defendant "(1) has the right and ability to supervise the violative activity, although he need not actually be supervising, because he need not know of the violative activity, and (2) has a direct financial interest in the violation." *Ramsey*, 757 F. App'x at 95 (citing *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 296 (E.D. Pa. 2014)).

Michael Soll admits that he is the day-to-day manager of River Park Pub, he was solely responsible for booking events like pay-per-view sporting programs for the pub, and he authorized and assisted in the unauthorized receipt and exhibition of the Program at the pub.

5

(Amended Complaint at ¶ 4). Linda Soll admits that she also personally authorized and assisted in the unauthorized receipt and exhibition of the Program at River Park Pub, had a right and ability to supervise River Park Pub activities, and is an officer, director, shareholder, member, principal, or some combination of the five of the entity that owns River Park Pub. (*Id.* at ¶ 5). This is enough to show that both Michael and Linda Soll had the right and ability to supervise the interception of the Program's transmission whether they did or not, and they both had a direct financial interest in showing the pirated transmission at River Park Pub.

As such, Defendants are liable under § 553, and the Court grants the Motion.

**B.     Damages**

Given Defendants' liability, Joe Hand requests $2,000 in statutory damages under § 553(c)(3)(A)(ii) and $8,000 in enhanced damages under § 553(c)(3)(B), for a total of $10,000.

**1.     Statutory Damages**

Statutory damages are appropriate when actual damages are difficult to prove. *Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981). Section 553(c)(3)(A)(ii) provides for a court to provide an award of statutory damages between $250 and $10,000 "as the court considers just." The Court considers Joe Hand's $2,000 request just and appropriate in this case.

It would be difficult to determine an exact award of additional damages in this case. Although we can calculate the amount of revenue Joe Hand lost when Defendants did not pay the sublicensing fee ($998, *see* Motion, 2018 Rate Card), the remaining lost profits are difficult to ascertain. Defendants advertised that the River Park Pub would show the Program. This drew customers to the pub, who watched the Program and presumably ordered food and drinks. This boosted Defendants' profits (especially considering they paid nothing to show the Program),

potentially drew customers away from other establishments in the area who paid the sublicensing fee, and may incentivize future establishments to try to pirate future events and contribute to greater lost profits for Joe Hand.

Further, Joe Hand has suffered a loss of goodwill that could affect future revenue. According to its Motion, when contracting with establishments, Joe Hand tells establishments what other establishments in the area will also broadcast the event. (Motion at 8–9). So, when an establishment pirates and shows an event without permission, it injures Joe Hand's reputation in the area with businesses who would legitimately contract with it. The Court is also mindful that it should deter future piracy. *See Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 113 (E.D.N.Y. 1997). As such, the Court awards Joe Hand $2,000 in statutory damages.

### 2. Enhanced Damages

Section 553(c)(3)(B) provides that a court may increase a damages award, whether actual or statutory, by up to $50,000 if the court finds that the defendant committed the violation willfully and for the purposes of commercial advantage or private financial gain. By virtue of their default, Defendants admit their conduct was willful, and the Court finds as such.

The Program was a scrambled and coded pay-per-view event—it was not something one might chance upon by flipping through the channels. (*See* Motion at 3–4). Defendants could unscramble the Program with the proper equipment and coding, only provided by Joe Hand if Defendants paid the sublicensing fee. (*See id.*). Defendants admit they did not. Therefore, the only proper inference is that they willfully pirated the Program to avoid paying a sublicensing fee for their private financial gain and to their commercial advantage against other bars and establishments who properly paid the sublicensing fee.

District courts consider five factors when calculating enhanced damages under § 553: (1) whether the defendant has intercepted unauthorized broadcasts repeatedly over an extended period of time; (2) whether the defendant reaped substantial profits from the unauthorized exhibition; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant charged a cover to enter the establishment or significantly marked up their food and drink prices for the broadcast. *Innovative Sports Mgmt., Inc. v. El Roble Restaurant and Bakery LLC*, No. 22-1612, 2022 WL 17324347, at *4 (D.N.J. Nov. 29, 2022) (citing *Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL 1007398, at *7 (D.N.J. Mar. 13, 2013)).

Although Joe Hand provides no evidence that Defendants have pirated events before, reaped significant profits from this event, or charged a cover, the Court notes that, because Defendants defaulted, there was no opportunity for discovery. Additionally, Joe Hand does allege in its Amended Complaint, and Defendants admit by default, that Defendants advertised their broadcast of the Program. (Amended Complaint at ¶ 15). In similar circumstances, courts in this district have awarded enhanced damages twice the value of the statutory damages. *See G&G Closed Circuit Events, LLC v. Don Tequila Bar & Grill L.L.C.*, No. 19-84, 2020 WL 133033, at *3 (D.N.J. Jan. 3, 2020) (awarding twice the amount of statutory damages and collecting cases that reached similar enhanced damages calculations). The Court finds this approach persuasive and applies it here. Therefore, the Court awards $4,000 in enhanced damages, twice the statutory award, for a total of $6,000.

### 3. Costs and Attorneys' Fees

As the prevailing party, Joe Hand is entitled to recover costs and attorneys' fees. 47 U.S.C. § 553(c)(2)(C). In its Motion, Joe Hand requests as much. As such, the Court orders Joe

Hand to file an affidavit with the Court accounting for its costs and reasonable attorneys' fees in prosecuting this matter within thirty (30) days of the entry of the accompanying order.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Joe Hand's Motion and awards Joe Hand $6,000 in total damages. An appropriate order follows.

Dated: December 7, 2022                    /s/ Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge